NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JAN 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE COMMON SENSE PARTY; et al., | No.   20-16335 |
| Plaintiffs-Appellants, | D.C. No. 2:20-cv-01091-MCE-EFB |
| v. | |
| ALEX PADILLA, Secretary of State of California, in his official capacity as Secretary of State of California, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England Jr., District Judge, Presiding

Submitted January 15, 2021**
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and LASNIK,*** District
Judge.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Robert S. Lasnik, United States District Judge for the
Western District of Washington, sitting by designation.

The Common Sense Party, Tom Campbell, Debbie Benrey, and Michael Turnipseed (collectively, the "CSP") appeal from the district court's order denying CSP's motion for a temporary restraining order or preliminary injunction enjoining California's Secretary of State from enforcing California Election Code § 5151(c). Section 5151(c) states that in order to qualify to participate in a presidential general election, a new political party must obtain voter registrations of equal to 0.33 percent of the number of registered voters in California by the 123rd day before the election. The CSP argues that § 5151(c), as applied in the context of the COVID-19 pandemic and the state-ordered public health measures, violates the CSP's speech, voting, and associational rights under the First Amendment and the CSP's due process rights under the Fourteenth Amendment. We have jurisdiction under 28 U.S.C. § 1292(a)(1). "We review questions of mootness de novo." *United States v. Hulen*, 879 F.3d 1015, 1018 (9th Cir. 2018). We dismiss the CSP's appeal as moot.

The occurrence of an election does not necessarily moot relief sought in related litigation. *See Joyner v. Mofford*, 706 F.2d 1523, 1527 (9th Cir. 1983). However, the occurrence of an election moots relief sought with respect to that election cycle. *See Ariz. Green Party v. Reagan*, 838 F.3d 983, 987 (9th Cir. 2016). The "capable of repetition, yet evading review" exception to mootness "applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same

2

complaining party will be subject to the same action again." *FEC v. Wis. Right to Life, Inc.*, 551 U.S. 449, 462 (2007) (citation and quotation marks omitted). "Election cases often fall within this exception, because the inherently brief duration of an election is almost invariably too short to enable full litigation on the merits." *Porter v. Jones*, 319 F.3d 483, 490 (9th Cir. 2003). "The second prong of the 'capable of repetition' exception requires a reasonable expectation or a demonstrated probability that the same controversy will recur involving the same complaining party." *Wis. Right to Life*, 551 U.S. at 463 (citation and quotation marks omitted).

The November 2020 presidential general election has passed. The relief that the CSP seeks with respect to the November 2020 presidential general election is moot. The CSP only challenges the application of § 5151(c) in the context of the COVID-19 pandemic and the state-ordered public health measures, not the constitutionality of the provision itself or its constitutionality as applied to the CSP outside this context. The CSP recognizes § 5151(c) as an "otherwise acceptable" requirement. Nothing in the record supports a reasonable expectation or demonstrated probability that the same controversy with the CSP will recur. The "capable of repetition, yet evading review" exception to mootness does not apply.

**DISMISSED.**